UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br>v.<br><br>KENNETH CHRISTENSEN,<br><br>*Defendant.* | Case No. 3:13-cr-00564-PGS-1<br><br>**MEMORANDUM<br>AND ORDER** |

This matter comes before the Court on Defendant Kenneth Christensen's *pro se* motion to appoint counsel to assist in the filing of a motion for compassionate release. (ECF No. 18). For the reasons set forth below, Defendant's motion is denied.

## I.  BACKGROUND

On September 4, 2013, Mr. Christensen pled guilty to a two-count information for Production of Child Pornography and Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2, 2251(a) and 18 U.S.C. §§ 2, 2252A(a)(2)(A) respectively. (ECF Nos. 11, 15). On April 22, 2014, the Court sentenced Mr. Christensen to 216 months of imprisonment for each count, to run concurrently, followed by lifetime supervised release with special conditions. (ECF Nos. 16, 17). He is currently incarcerated at FCI Elkton in Lisbon, OH and is projected to be released on June 24, 2028. (Govt. Opp. at 3, ECF No. 20).

On September 27, 2021, Mr. Christensen submitted his request for counsel to help file a motion for compassionate release and the Government replied on October 20, 2021, taking no position on the request for counsel, but arguing that should Mr. Christensen's request for counsel

1

be itself construed as a motion for compassionate release, it should be denied. (ECF No. 20). The Court subsequently heard oral argument from the parties on November 9 and 29, 2021. (ECF Nos. 21, 23).

## II.   DISCUSSION

There is no constitutional or statutory right to counsel for proceedings under 18 U.S.C. § 3582(c) for compassionate release. *See United States v. Millhouse*, 2021 U.S. App. LEXIS 22742, at *7 n.4 (3d Cir. Aug. 2, 2021) (citing *United States v. Manso-Zamora*, 991 F.3d 694, 696 n.2 (6th Cir. 2021)).

"Where parties lack statutory or constitutional rights to representation, the Court nonetheless has discretion to appoint counsel for an indigent litigant after considering several factors." *United States v. Burney*, 2021 U.S. Dist. LEXIS 206133, at *4-5 (D.N.J. Oct. 25, 2021) (citing *United States v. Ulmer*, 2021 U.S. Dist. LEXIS 41411, at *2-3 (E.D. Pa. Mar. 5, 2021)) (internal quotation marks omitted). The Court must first determine whether a party's claims have "some arguable merit in fact and law." *See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)). If so, the Court considers the following factors:

> 1. the [party's] ability to present his or her own case;
> 2. the difficulty of the particular legal issues;
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;
> 5. the extent to which a case is likely to turn on credibility determinations, and;
> 6. whether the case will require testimony from expert witnesses.

*See id.* (citing *Tabron*, 6 F.3d at 155-57); *see also United States v. Nichols*, 849 F. App'x 334, 336 n.3 (3d Cir. 2021) (citing *Tabron* when affirming lower court's denial of appointment of counsel to further a request for compassionate release).

Mr. Christensen's letter principally raises issues of medical concerns measured against the potential dangers of COVID-19 to individuals with complicating risk factors. Although the Court finds that there may be arguable merit to such arguments, the *Tabron* factors nonetheless weigh against the appointment of counsel.

The Court found that Mr. Christensen at oral argument was capable of thoughtfully articulating his medical concerns and reasoning. Where the Third Circuit has stated that a party's ability to present his or her case is "[p]erhaps the most significant of *Tabron*'s post-threshold factors," this factor weighs against appointment of counsel. *See Montgomery*, 294 F.3d at 501. This conclusion is supported by most of the other factors as well since the narrow issue of compassionate release is not excessively difficult or complicated, no factual investigation is needed, credibility is not in issue, and no expert testimony is required. The final factor, Mr. Christensen's capacity to retain counsel on his own behalf, is not clear from the record but would nevertheless be insufficient on its own to offset the other five factors weighing against appointment of counsel. The Court similarly bears in mind that "volunteer lawyer time is a precious commodity" and that it should therefore not be dispensed lightly. *Id.* at 499 (internal citation omitted). Accordingly, the Court will deny Mr. Christensen's request for counsel and permit him to proceed with his compassionate release motion *pro se*.

## ORDER

**THIS MATTER** having come before the Court on Defendant Kenneth Christensen's motion to appoint counsel (ECF No. 18); and the Court having considered the parties' papers and heard oral argument; and for good cause shown; and for all the foregoing reasons,

IT IS on this 29 day of December, 2021

**ORDERED** that Defendant Kenneth Christensen's motion to appoint counsel (ECF No. 18) is **DENIED**.

*/s/ Peter G. Sheridan*

PETER G. SHERIDAN, U.S.D.J.