## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KENNETH CHRISTENSEN | 13-cr-564 (PGS)<br><br>MEMORANDUM AND ORDER<br>DENYING MOTION FOR<br>COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Kenneth Christensen's *pro se* motion for modification of sentence.

## I.

On September 4, 2013, Mr. Christensen pled guilty to a two-count information for Production of Child Pornography and Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2, 2251(a) and 18 U.S.C. §§ 2, 2252A(a)(2)(A) respectively. (ECF Nos. 11, 15). His collective conduct included the voyeuristic photography of unaware children in the neighborhood and the possession of 24,065 illicit images that he shared via the internet, including 8,138 self-produced images and 52 videos of a 12-year old male victim that was a "family friend," who Mr. Christensen considered as his "Godson." (Govt. Sur-Reply at 2, ECF No. 25; Presentence Investigation Report at ¶¶ 45-46, 56). Based on his offense guideline level of 37 and his category 1 criminal history, the Court sentenced Mr. Christensen to 216 months of imprisonment for each count, to run concurrently, followed by lifetime supervised release with special conditions. (ECF Nos. 16, 17). He is currently incarcerated at FCI-Elkton in Lisbon, OH and is projected to be released on June 24, 2028. (Govt. Opp. at 3, ECF No. 20).

After writing to the Warden of FCI-Elkton, without reply, requesting consideration for compassionate release due to: 1) medical conditions; 2) general difficulty breathing following an

infection of COVID-19; 3) an alleged need to assist his elderly father and infirm sister, Mr. Christensen requested that the Court appoint counsel to represent him in filing a motion for compassionate release. (Christensen Letter Request, ECF No. 18).

The Government filed opposition, taking no position as to Mr. Christensen's request for appointment of counsel but arguing that the Court should construe Mr. Christensen's request for counsel as a motion for compassionate release and should deny the motion. (Govt. Opp. at 1). The Court subsequently found that while appointment of counsel was not appropriate,[1] Mr. Christensen should nonetheless have the opportunity to expand on his request, permitting him an opportunity to reply.[2]

Mr. Christensen thereafter submitted his reply on December 15, 2021, docketed as a separate motion to reduce sentence. (Christensen Reply, ECF No. 24).[3] In it, he submitted several medical records, noting that he had recently been diagnosed with "Kidney Disease" which constituted a tangible residual injury from his prior infection with COVID-19 and which leaves him increasingly susceptible to additional infection. *Id.* at 2.  Further, he argues that the regular lack of fresh air, one hour limits on outdoor recreation, and a delay of "an extra day or two" to receive medical care have intensified the hardship of incarceration beyond that contemplated at sentencing. *Id.* at 4-5.

---

[1] The Court has since issued a Memorandum and Order (ECF No. 26) formally denying Mr. Christensen's request for appointment of counsel.

[2] Oral argument was held on November 9, 2021 and November 29, 2021.

[3] Because the specific arguments raised in Mr. Christensen's reply submission went beyond those raised in his initial letter request, the Government filed supplemental opposition on December 22, 2021 addressing each new argument. (Govt. Sur-Reply at 1).

## II.

Terms of imprisonment may be modified under limited circumstances. *See In re Morris*, 345 F. App'x 796, 797-98 (3d Cir. 2009) (citing 18 U.S.C. § 3582(c)). Modification pursuant to this provision is therefore permissible where "extraordinary and compelling reasons warrant" a reduction in the sentence, the petitioner is not a danger to any other person or to the community per 18 U.S.C. § 3142(g), and the modification considers the factors of 18 U.S.C. § 3553(a). *See* U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Commission 2018); *see also United States v. Pawloswki*, 967 F.3d 327, 329-330 (3d Cir. 2020). It is within the District Court's discretion to grant such a motion. *See United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021).

## III.

Since the Government agrees that Mr. Christensen has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A) the Court proceeds directly to the merits of Mr. Christensen's arguments. (Govt. Opp. at 3).

To the extent Mr. Christensen argues that his medical ailments constitute extraordinary and compelling reason to warrant a reduction of sentence, the Court disagrees. Most of his medical complaints such as high blood pressure and general pain appear to be well managed with medication, and "[have] helped tremendously." (Christensen Reply, Exhibit 3 at 3). Although Mr. Christensen complains of "post-Covid syndrome," the medical records do not diagnose him with such, except he has difficulty breathing for which he was prescribed an albuterol inhaler. Thereafter, his condition had "improved" and his lungs appeared clear. (Govt. Sur-Reply, Ex. A at 42). Mr. Christensen has also alleged that he suffers from "kidney disease" which has only

3

recently arisen, which has been described in the medical records as "Chronic kidney disease, unspecified" and that additional testing must be conducted. *Id.* at 2-3.

From a review of the medical records, Mr. Christensen does not suffer from "a serious physical or medical condition … that substantially diminishes the ability of [petitioner] to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover." Mr. Christensen's health condition have not arisen to such a level, and available medical care appears sufficient for his means. *See* U.S. Sentencing Guidelines Manual § 1B1.13.

### IV.

Even if extraordinary and compelling circumstances for compassionate release were present, the § 3553 factors weigh against modification of the sentence. *See, e.g., Pawlowski*, 967 F.3d at 330-31. Among the factors that must be considered are the nature of the offense, the need for the sentence to reflect the seriousness of the crime, the need to provide just punishment, the protection of the public, the need to deter criminal conduct, and the kinds of sentences available. *See* 18 U.S.C. § 3553(a). Most outrageously, Mr. Christensen photographed and distributed child pornography of his self-described "godson." *See United States v. Schenberger*, 498 F. Supp. 2d 738, 742 (D.N.J. 2007) (citing *United States v. MacEwan*, 445 F.3d 237, 250 (3d Cir. 2006)). Further, where Mr. Christensen and the Government agreed prior to sentencing that a range of 210-262 months of imprisonment was "reasonable," the Court in fact choose a figure on the low end of the range and imposed 216 months of imprisonment. (Govt. Opp. at 10). To date, Mr. Christensen has only served approximately 105 months of his sentence. (Christensen Reply at 6).

In light of his offense, the present medical evidence, and his service of less than half of his sentence, the Court finds that nature of the offense and the need to deter such conduct are critical sentencing objectives that would not be served by modifying Mr. Christensen's sentence at this present juncture.

V.

For the above reasons and considerations, Mr. Christensen's motion for modification of sentence should be denied.

**ORDER**

For the above reasons and considerations:

**IT IS** on this 7th day of March, 2022;

**ORDERED** that Defendant's motion for compassionate release or modification of his sentence is denied.

_____
PETER G. SHERIDAN, U.S.D.J.